IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

GERALDINE HOPSON,

    Plaintiff,

v.

CALVIN GREEN and
LAKEISHA CLEMONS,

    Defendants pro se.

CIVIL ACTION FILE

NO. 1:17-CV-3106-WSD-WEJ

## ORDER AND
## FINAL REPORT AND RECOMMENDATION

Defendants pro se, Calvin Green and Lakeisha Clemons, are facing a dispossessory proceeding in the Magistrate Court of Newton County, Georgia. Defendants seek to remove that case to this Court. Defendant Clemons has submitted an Application to Proceed in forma pauperis ("IFP") [1] showing that she is unable to pay the removal fee at this time. Although defendant Green has yet to file an IFP application or pay the filing fee, the Court **GRANTS** both defendants IFP status for the purposes of remand only because this case must be remanded for the reasons set forth below.

The Court is compelled to remand any action which has been improperly removed and may do so <u>sua sponte</u>. <u>Nat'l Parks Conservation Ass'n v. Norton</u>, 324 F.3d 1229, 1240 (11th Cir. 2003) (explaining that federal courts have an obligation to dismiss an action <u>sua sponte</u> if subject matter jurisdiction is lacking). Defendants are legal residents of Covington, Georgia. (<u>See</u> Petition for Removal [1-1], at 1; Aff. for Summons of Dispossessory [1-1].) In the Petition for Removal, defendant Green alleges that the state court proceeding violates various federal laws. (<u>See generally</u> Petition for Removal.) Defendants attached to that document an Affidavit for Summons of Dispossessory filed in the Magistrate Court of Newton County. (<u>Id.</u> Attach.)

A party who removes a state court case to federal district court pursuant to 28 U.S.C. § 1441 must prove that the court possesses "original jurisdiction." <u>McNutt v. Gen. Motors Acceptance Corp. of Ind.</u>, 298 U.S. 178, 189 (1936). Moreover, removal jurisdiction is construed narrowly, with all doubts resolved in favor of remand. <u>See</u> <u>Pacheco de Perez v. AT&T Co.</u>, 139 F.3d 1368, 1373 (11th Cir. 1998). The removing party has the burden of demonstrating the propriety of removal, <u>Diaz v. Shepard</u>, 85 F.3d 1502, 1505 (11th Cir. 1996), and federal courts have an obligation to dismiss an action <u>sua sponte</u> if subject matter jurisdiction is lacking. <u>Nat'l Parks Conservation Ass'n</u>, 324 F.3d at 1240.

Original jurisdiction arises if there is diversity of parties or a federal question. 28 U.S.C. § 1441(a)-(b). However, § 1441(b)(2) bars removal on the basis of diversity if the "defendant[] is a citizen of the State in which [the] action is brought." Id. § 1441(b). Likewise, unless a "substantial" federal question is presented on the face of the state court complaint, the case does not arise under federal law. Rivet v. Regions Bank of La., 522 U.S. 470, 475 (1998); Kemp v. Int'l Bus. Machs. Corp., 109 F.3d 708, 712 (11th Cir. 1997). Neither a defendant's answer nor a notice of removal may be used to establish federal question jurisdiction. Gully v. First Nat'l Bank, 299 U.S. 109, 113 (1936); Buice v. Buford Broad., Inc., 553 F. Supp. 388, 389 (N.D. Ga. 1983).

Because defendants are Georgia domiciliaries, the Court does not have diversity jurisdiction over this Newton County action. Likewise, the Affidavit for Summons of Dispossessory indicates no federal question. Plaintiff, Geraldine Hopson, cannot be subjected to federal jurisdiction after having filed for eviction on state law grounds in state court. Accordingly, because defendants have failed to demonstrate any lawful basis for removal of the action, the undersigned **RECOMMENDS** that this action be **REMANDED** to the Magistrate Court of Newton County pursuant to 28 U.S.C. § 1447(c).

For the reasons set forth above, the undersigned **GRANTS** the Application to Proceed in District Court without Prepaying Fees or Costs [1] and **GRANTS** defendant Green IFP status for the limited purpose of remand, and **RECOMMENDS** this case be **REMANDED** to the Magistrate Court of Newton County, Georgia.

The Clerk is **DIRECTED** to terminate the reference to the undersigned Magistrate Judge.

**SO ORDERED AND RECOMMENDED**, this 18th day of August, 2017.

_____
WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE