# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

GERALDINE HOPSON,

              Plaintiff,

v.

CALVIN GREEN and
LAKEISHA CLEMONS,

              Defendants.

1:17-cv-3106-WSD

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Walter E. Johnson's Final Report and Recommendation [3] ("R&R"), which recommends remanding this dispossessory action to the Magistrate Court of Newton County, Georgia.

## I.    BACKGROUND

On July 31, 2017, Plaintiff Geraldine Hopson ("Plaintiff") initiated a dispossessory proceeding against Calvin Green and Lekeisha Clemons ("Defendants") in the Magistrate Court of Newton County, Georgia.[1] The Complaint seeks possession of premises currently occupied by Defendants and seeks past due rent, fees and costs.

---

[1]    No. 1707558.

On August 16, 2017, Defendants, proceeding *pro se*, removed the Newton County Action to this Court by filing a Petition for Removal and an application to proceed *in forma pauperis* ("IFP Application"). Defendants appear to assert that there is federal subject matter jurisdiction because there is a question of federal law in this action. In their Petition for Removal, Defendants claim that Plaintiff violated "15 USC 1692 [sic]" and Rule 60 of the Federal Rules of Civil Procedure, "having a legal duty to abort eviction pursuant to 95.11," and violated the Due Process "Clauses" of the Fourteenth Amendment. (Pet. for Removal [2] at 2-3).

On August 18, 2017, Magistrate Judge Johnson granted Defendants' IFP Application. ([2]).[2] The Magistrate Judge then considered, *sua sponte*, whether there is federal subject matter jurisdiction over the action removed. The Magistrate Judge found that federal subject matter jurisdiction was not present and recommended that the Court remand the case to the Magistrate Court of Newton County. The Magistrate Judge found that the Complaint filed in Magistrate Court asserts a state court dispossessory action and does not allege federal law claims. The Magistrate Judge also considered whether the Court has subject-matter jurisdiction based on diversity of citizenship. The Magistrate Judge also concluded

---

[2] Although the IFP Application was completed and signed by Lakeisha Clemons only, the Magistrate Judge granted both Defendants IFP status for the purpose of remand.

that the Court does not have diversity jurisdiction over this matter and that this case is required to be remanded to the state court.

There are no objections to the R&R.

## II. DISCUSSION

### A. Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). With respect to those findings and recommendations to which objections have not been asserted, the Court must conduct a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984).

### B. Analysis

Defendants do not object to the Magistrate Judge's finding that Plaintiff's Complaint does not present a federal question and that the Court does not have diversity jurisdiction. The Court does not find any plain error in these conclusions.

It is well-settled that federal-question jurisdiction exists only when a federal question is presented on the face of a plaintiff's well-pleaded complaint and that the assertions of defenses or counterclaims based on federal law cannot confer federal question jurisdiction over a cause of action. See Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003); Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830-32 (2002). The record also does not show that the amount in controversy exceeds the statutory threshold of $75,000. See 28 U.S.C. § 1332(a); Carter v. Butts Cty., Ga., et al., 821 F.3d 1310, 1322 (11th Cir. 2006) (quoting Steed v. Fed. Nat'l Mortg. Corp., 689 S.E.2d 843, 848 (Ga. Ct. App. 2009)) ("[U]nder Georgia law, '[w]here former owners of real property remain in possession after a foreclosure sale, they become tenants at sufferance,'" and are thus subject to a dispossessory proceeding under O.C.G.A. § 44-7-50, which "provide[s] the exclusive method by which a landlord may evict the tenant"); Fed. Home Loan Mortg. Corp. v. Williams, Nos. 1:07-cv-2864-RWS, 1:07-cv-2865-RWS, 2008 WL 115096, at *2 (N.D. Ga. Jan. 29, 2008) ("[A] dispossessory proceeding under Georgia law is not an ownership dispute, but rather only a dispute over the limited right to possession, title to property is not at issue and, accordingly, the removing Defendant may not rely on the value of the property as a

whole to satisfy the amount in controversy requirement.").[3]

Because the Court lacks both federal question and diversity jurisdiction, this action is required to be remanded to the Magistrate Court of Newton County. See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Walter E. Johnson's Final Report and Recommendation [3] is **ADOPTED.**

**IT IS FURTHER ORDERED** that this action is **REMANDED** to the Magistrate Court of Newton County, Georgia.

**SO ORDERED** this 2nd day of October, 2017.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

[3] The Magistrate Judge also found that removal was procedurally defective because Defendants, who appear to be citizens of Georgia, cannot remove to federal court an action brought against them in a Georgia state court. See 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of [diversity] jurisdiction…may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.").